NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KEVIN WRIGHT, | : | |
| Petitioner, | : | |
| | : | Civ. No. 05-4280 (GEB) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | MEMORANDUM OPINION |
| Respondent. | : | |

**BROWN, Chief District Judge**

This matter comes before the Court upon the motion of *pro se* Petitioner, Kevin Wright ("Petitioner"), to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth in this Memorandum Opinion, issued without oral argument pursuant to Fed. R. Civ. P. 78, Petitioner's motion is denied.

**I.    BACKGROUND**

On June 6, 2002, Petitioner was indicted. The Indictment charged Petitioner and others with conspiracy to possess with the intent to distribute heroin, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), in violation of 21 U.S.C. § 846. (Indictment). On July 15, 2002, Petitioner plead guilty to the Indictment. (Criminal Docket). On November 4, 2002, Petitioner was sentenced. The Court determined that Petitioner was a career offender and sentenced him to a term of 151 months' imprisonment with a three year term of supervised release to follow. (Id.). A fine of $1,500 was imposed as well. (Id.).

On November 22, 2002, Petitioner filed a notice of appeal. (Id.). In his appeal, Petitioner alleged that he should not have been sentenced as a career offender because the two prior convictions utilized in the career offender calculation should not have been counted separately. (Id.). On December 10, 2003, the Third Circuit Court of Appeals affirmed Petitioner's sentence, holding that the prior convictions were properly counted as two separate unrelated convictions as they were separated by an intervening arrest. (Id.).

On July 12, 2004, Petitioner filed a petition for a writ of certiorari to the United States Supreme Court. (Id.). Petitioner's writ petition was denied on October 4, 2004. (Id.). On August 31, 2005, Petitioner timely filed the instant motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255. (Civil Docket). In Petitioner's motion, he asserts the following claims for relief: (i) defense counsel was ineffective for failing to file a petition for a writ of certiorari to the United States Supreme Court; (ii) defense counsel was ineffective at sentencing and on appeal for failure to argue that Petitioner's prior convictions were related because they were consolidated for sentencing by the state court and should therefore count only as one prior conviction for career offender purposes; (iii) jury trial rights were violated because he was exposed to a sentence exceeding the maximum authorized by law because he is not a career offender; and (iv) actual innocence of the sentence as a career offender.

## II.   DISCUSSION

### A.   § 2255 Standard

Section 2255 of Title 28, of the United States Code, permits a court to vacate, correct or set aside a sentence that:

2

> [W]as imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255.  However, "section 2255 'may not be employed to relitigate questions which were raised and considered on direct appeal.'"  *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986), *cert. denied*, 511 U.S. 1033 (1994));  *Pitre v. United States*, 874 F. Supp. 72, 73 (S.D.N.Y. 1995); *see also United States v. Jones*, 918 F.2d 9, 10 (2d Cir. 1990); *Giacalone v. United States*, 739 F.2d 40, 42 (2d Cir. 1984).  Moreover, if a petitioner has failed to raise an objection at the time of trial and has also failed to raise the issue on direct appeal, then collateral review of that claim is procedurally barred unless the petitioner is able to show "cause" excusing his procedural default and "actual prejudice" resulting from the alleged error or violation.  *Henry v. United States*, 913 F. Supp. 334 (M.D. Pa. 1996), *aff'd*, 96 F.3d 1435 (3d Cir. 1996); *see also United States v. Essig*, 10 F.3d 968, 979 (3d Cir. 1993) (holding that the "cause and prejudice" standard set forth in *United States v. Frady*, 456 U.S. 152 (1982), "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed").  However, a petitioner need not demonstrate cause and prejudice when he raises a claim of ineffective assistance of counsel for the first time in a collateral attack.  *DeRewal*, 10 F.3d at 104.

     **B.**     **Petitioner was Properly Sentenced as a Career Offender because the Prior Convictions were Separated by an Intervening Arrest**

     Several of Petitioner's claims relate to the finding by the District Court that Petitioner qualified as a career offender at sentencing.  This issue has been thoroughly contemplated and

ruled upon by both the District Court at sentencing and the Third Circuit Court of Appeals in a non-precedential opinion issued in response to Petitioner's appeal. Under *DeRewal*, this Court is not obligated to consider the issue yet again. However, in the interest of full adjudication, the Court will once again apply Petitioner's prior criminal history to the relevant guideline provisions.

Specifically, United States Sentencing Guideline (hereinafter "USSG") § 4B1.1(a) provides the basis for a finding of career offender status. It states:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled-substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled-substance offense.

(Id.). The Sentencing Commission provided additional guidance regarding prong three of the career offender section. That guidance is found in USSG § 4A1.2(a)(2), which states, in pertinent part that "[p]rior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence . . ." Further elaboration of § 4A1.2(a)(2) can be found in Application Note 3 of said section, which states in part:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e. the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

(Id.).

Petitioner does not argue that he was not eighteen at the time of the instant offense, that the instant offense was not a controlled-substance offense, or that the previous convictions were not controlled-substance offenses in his § 2255 motion (nor did he argue these prongs of the career offender provision at sentencing or on appeal). Rather, Petitioner argues that the two prior convictions were really only one conviction, as they were related and consolidated by the state at sentencing.

To consider Petitioner's assertion, the Court must revisit the circumstances of the two prior drug convictions utilized at sentencing when determining Petitioner as a career offender. Specifically, on February 8, 1996, Petitioner was arrested and charged with the possession, manufacturing and delivery of a controlled substance after being observed engaging in an illegal narcotic sale by the Philadelphia, Pennsylvania Police Department. Petitioner was found to be in possession of cocaine, "crack" cocaine and marijuana. Petitioner was released pending sentencing. Then, on March 17, 1996, Petitioner was arrested again in almost identical circumstances. He was arrested and charged with possession, manufacturing and delivery of a controlled substance after being observed engaging in multiple narcotic sales by the Philadelphia, Pennsylvania Police Department. Petitioner was found to be in possession of "crack" cocaine. The charges from both arrests, virtually identical, were felony charges. Subsequent to the arrests, Petitioner pled guilty. Petitioner's pending sentencings were consolidated and Petitioner was sentenced to two to five years imprisonment for the February 8th offense and nine to twenty-three months imprisonment for the March 17th offense.

Petitioner argues that because the state offenses were assigned the same state docket number, and because Petitioner was sentenced concurrently in a consolidated sentencing hearing,

5

they were related offenses counting as only one conviction for career offender application purposes. Unfortunately, this is where Petitioner fails to recall the language of Application Note 3 of USSG § 4A1.2, which reiterated, states: "[p]rior sentences are *not* considered related if they were for offenses that were *separated by an intervening arrest* . . ." It is this clarification in Application Note 3 which has caused the District Court, as well as the Third Circuit, to count the February 8 and March 17 offenses separately. Those offenses, coupled with the instant offense, make Petitioner a career offender by USSG definition.

As such, Petitioner's claims regarding his jury trial rights and actual innocence (iii and iv) are without merit and are denied.

### C. <u>Ineffective Assistance of Counsel</u>

The cause of action for ineffective assistance of counsel flows from the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993). To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate:

> First, . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687 (1984).

To satisfy the actual prejudice prong of the *Strickland* test, Petitioner must show "that counsel's errors were so serious as to deprive [Petitioner] of a fair [hearing] whose result is reliable." *Lockhart,* 506 U.S. at 369. Prejudice is not simply a question of whether the outcome

6

may have been different but for the counsel's error; rather the focus is on whether the result of the proceeding is fundamentally unfair or unreliable. *Id*. But "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *United States v. Gray*, 878 F.2d 702, 710 (3rd Cir. 1989).

This Court holds that Petitioner was not prejudiced by his attorney's failure to file a petition for a writ of certiorari to the United States Supreme Court. Further, defense counsel was not ineffective at sentencing and on appeal for failing to argue that Petitioner's prior convictions were related because they were consolidated for sentencing by the state court and should therefore count only as one prior conviction for career offender purposes.

First, defense counsel sought withdrawal pursuant to *Anders v. California*, 386 U.S. 738 (1967), which the Third Circuit granted when it affirmed Petitioner's sentence. Defense counsel was no longer responsible for filing any further appeals as he no longer represented Petitioner. Further, there is no law that provides for court-appointed counsel when petitioning the United States Supreme Court for certiorari. Therefore, defense counsel was not ineffective for failing to file Petitioner's petition for certiorari as he was no longer Petitioner's counsel.

Additionally, defense counsel was not ineffective for failing to argue at sentencing and on appeal that the prior state convictions were related because he had argued that very position to both courts. *See* Sentencing Transcript at p. 6 (defense counsel stating that the February 8th and March 17th offenses "should be consolidated for the purposes of considering this man as not a career offender"); *see also* Third Circuit Opinion at p. 3. Counsel cannot be held to be ineffective for failing to argue a position that he actually did argue.

Therefore, this Court finds that Petitioner's ineffective assistance of counsel claims fail both prongs of the *Strickland* test and shall be denied.

### III.  CONCLUSION

For the reasons stated herein, Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied and the petition is dismissed with prejudice.  An appropriate form of order is filed herewith.


                              s/Garrett E. Brown, Jr.
                              **HONORABLE GARRETT E. BROWN, JR.**
                              **CHIEF UNITED STATES DISTRICT JUDGE**


Date:   July 25, 2006